UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**GEORGE BABA ENG,**

                                 **Plaintiff,**

        **vs.**                                                          **9:04-CV-1146**

**M.. THERRIEN, Correction Officer; BLOOD,
Correction Officer; GARY GREENE,
Superintendent; HAMLETT, Correction Officer;
and ZAVASTASKI, Correction Lieutenant,**

                                 **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

George BaBa Eng
77-A-4777
Auburn Correctional Facility
135 State Street
Auburn, NY 13021
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
David L. Cochran, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224
Counsel for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Presently before the Court is defendants' motion (Dkt. No. 94) for partial summary judgment. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services, brought this action under 42 U.S.C. § 1983. In a previous Memorandum-Decision and Order (Dkt. No. 66), this Court adopted the Report and Recommendation of United States Magistrate Judge George H. Lowe (Dkt. No. 60) and granted partial summary judgment to

defendants, dismissing plaintiff's complaint and amended complaint.

The claims in plaintiff's supplemental complaint (Dkt. No. 47) still remain. The supplemental complaint sets forth the following three claims:

1. Defendants Therrien and Blood caused plaintiff to be pat frisked on September 8, 2004, September 18, 2004, October 1, 2004, and October 11, 2004, in an abusive manner.

2. Defendant Blood filed a false misbehavior report against plaintiff on October 20, 2004, in retaliation for plaintiff's having filed grievances and complaints against him.

3. Defendant Greene conspired to violate plaintiff's civil rights by assigning a hearing officer to conduct a disciplinary hearing on the allegedly false misbehavior report issued by defendant Blood on October 20, 2004; plaintiff claims that "Greene either instructed, knew or should have known [the hearing officer] would predetermine a wrongful finding of guilt against the Plaintiff, deny Plaintiff's Due Process rights and illegally punish Plaintiff for having filed grievances and complaints against the Defendants."

Defendants now move (Dkt. No. 94) for partial summary judgment dismissing the first and third claims in the supplemental complaint. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), Magistrate Judge Lowe issued an excellent Report and Recommendation (Dkt. No. 99) recommending that defendants' motion for partial summary judgment be granted and the first and third claims be dismissed on the merits. Plaintiff has submitted an objection (Dkt. No. 100). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court applies the *de novo* standard of review in considering the matters to which plaintiff objects.

With respect to the first claim, alleging improper pat frisks, the Court agrees with Magistrate Judge Lowe's conclusion that the allegations against defendants Therrien and Blood in this respect, even if true, do not state a Fourth or Eighth Amendment violation.

Defendants further seek dismissal of the third claim, which alleges that defendant Gary

Greene, then Superintendent of Great Meadow Correctional Facility, conspired to deprive plaintiff of due process in connection with a Tier 3 Superintendent's Hearing regarding charges against plaintiff. Plaintiff avers that Greene "either instructed, knew or should have known [that J. Jackowski, the hearing officer] would predetermine a wrongful finding of guilt against the Plaintiff, deny Plaintiff's Due Process rights and illegally punish Plaintiff for having filed grievances and complaints against the Defendants." Defendants argue that plaintiff adduces no evidence that Greene was personally involved in the alleged due process violations occurring in connection with the hearing. Defendants point to an affidavit from Greene stating that Jackowski was appointed not by Greene but rather by First Deputy Superintendent James Plescia, with Greene's approval. Plaintiff replies that defendants did not make this allegation prior to the instant motion, thus depriving him of the opportunity for discovery on the issue.

It is not, however, necessary to determine whether or not Greene appointed Jackowski, because even if he did, there is no evidence that Jackowski was biased; the fact that his determination was reversed on appeal, without more, is not evidence of bias or other due process violation. And further, even if Jackowski did somehow deprive plaintiff of his due process rights, there is no evidence that Greene knew or should have known that Jackowski would do so, or instructed him to do so. Nor is there any other basis in the record to impute to Greene any alleged due process violation occurring in connection with the hearing. Moreover, even if plaintiff could demonstrate that the manner of Jackowski's appointment somehow violated state regulations, this would not amount to a denial of a federal statutory or constitutional right.

Upon *de novo* review, viewing the evidence in the light most favorable to plaintiff and drawing all reasonable inferences in plaintiff's favor, the Court determines that defendants have

-3-

established their entitlement to partial summary judgment dismissing the first and third claims in the supplemental complaint.  Plaintiff has not adduced evidence establishing the existence of a disputed issue of material fact requiring a trial.  This is so regardless of whether plaintiff's submissions are read with the special solicitude generally accorded to *pro se* litigants.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 99) of United States Magistrate Judge George H. Lowe is accepted and adopted; and it is further

ORDERED that defendants' motion (Dkt. No. 94) for partial summary judgment dismissing the first and third claims in the supplemental complaint (Dkt. No. 47) is granted and these claims are dismissed on the merits; and it is further

ORDERED the case is trial ready; and it is further

ORDERED that the Clerk of Court shall appoint trial counsel in this matter; and it is further

ORDERED that the Jury Trial is set for March 17, 2008, at 9:00 a.m., in Syracuse, New York; and it is further

ORDERED as follows:

1.  On or before March 3, 2008, all parties **SHALL** file and serve the following documents:
    a.  Court Ordered Voir Dire Questionnaire (copy enclosed for plaintiff and counsel);
    b.  Proposed witness list with a brief description of the anticipated testimony of each witness; and
    c.  Proposed exhibit list (form enclosed for plaintiff and counsel); and

2.  On or before March 3, 2008, a party **MAY** file and serve the following documents:
    a.  Proposed Voir Dire questions;
    b.  Trial memoranda;
    c.  Proposed jury instructions; and

3. The Clerk shall serve a copy of this order upon plaintiff by regular mail and upon counsel by electronic mail.

IT IS SO ORDERED.

January 11, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge