UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**GEORGE BABA ENG,**

                      Plaintiff,

    vs.                                       9:04-CV-1146 (NAM/GHL)

**C. BLOOD**, **Correction Officer,**

                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Howrey Llp<br>153 East 53rd Street, Floor 54<br>New York, New York 10022<br>*Attorneys for Plaintiff* | Alexis Hunter, Esq.<br>Jenifer J. Liu, Esq.<br>William O. Purcell, Esq. |
| Andrew M. Cuomo<br>Attorney General of the State of New York<br>The Capitol<br>Albany, New York 12224-0341<br>*Attorney for Defendant* | Aaron M. Baldwin, Esq.<br>Michael McCartin, Esq. |

**NORMAN A. MORDUE, Chief U.S. District Judge**

## MEMORANDUM - DECISION AND ORDER

**I.    Introduction**

       Currently pending before the Court are a host of pre-trial motions. Defendant has filed a motion *in limine* to preclude plaintiff from offering grievances and letters of complaint into evidence at trial. *See* Dkt.112, Pre-Trial Mem. at 5-8. In addition, defendant seeks to preclude plaintiff from introducing any evidence of alleged emotional and/or psychological injuries as a result defendant's actions. *See* Dkt. 128, Letter Br. Furthermore, defendant requests that the Court bifurcate the trial, such that the Court would initially address plaintiff's claim for nominal and/or compensatory damages, and reserve ruling on the issue of punitive damages until such time as it appears that evidence bearing

on that issue is relevant. *See* Dkt. 112, Pre-Trial Mem. at 15. Finally, defendant has moved pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and Rules 402 and 403 of the Federal Rules of Evidence for an order precluding plaintiff from offering the testimony of Dr. Henderson and various exhibits pertaining to plaintiff's mental health records and correspondence from plaintiff to a mental health provider. *See* Dkt. 142.

Plaintiff seeks to preclude defendant from introducing any evidence or eliciting any testimony pertaining to his: (1) criminal history; (2) prison disciplinary record; and (3) prior litigation history. *See* Dkt. 125, Letter Br. at 1. In addition, plaintiff has filed a motion pursuant to Rule 45(c)(2)(B)(i) of the Federal Rules of Civil Procedure to compel David Rock, Superintendent of Great Meadow Correctional Facility ("Great Meadow") to testify and to produce defendant's personnel records. *See* Dkt. 137.

**II.     Background**

A single claim remains for trial. Plaintiff, George Baba Eng, alleges that, between May of 2004 and November of 2004, while he was incarcerated at Great Meadow, defendant, Corrections Officer Charles Blood, retaliated against him for filing grievances and letters of complaint regarding allegedly improper pat frisks.[1] Specifically, plaintiff contends that on October 20, 2004, defendant filed a false misbehavior report against him in retaliation for the grievances plaintiff filed on June 29, 2004, July 19, 2004, September 16, 2004, and October 7, 2004, for a grievance dated October 19, 2004, but apparently not filed until October 22, 2004, and for having submitted letters of complaint on July 14, 2004, and July 15-16, 2004, all of which implicated defendant in alleged violations of plaintiff's rights. Plaintiff asserts that defendant's alleged retaliation violated his rights under the First

---

[1] The Court previously ruled that plaintiff's claim alleging improper pat frisks did not state a violation of either the Fourth or Eighth Amendments and dismissed it on the merits. *See* Dkt. 101, Mem. Decision and Order at 2, 4.

and Fourteenth Amendments of the United States Constitution. Plaintiff filed his claim pursuant to 42 U.S.C. § 1983 and seeks nominal, compensatory and punitive damages. The parties stipulated that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201. *See* Dkt. 136.

**III.     Discussion**

   *A.     Defendant's Motion in Limine*

   1.     Grievances and Letters of Complaint

Defendant moves to preclude plaintiff from offering his grievances and letters of complaint into evidence at trial. Defendant is willing to stipulate that the grievances were filed on the dates noted above but objects to plaintiff introducing their respective content in substance. Defendant submits that the grievances and letters of complaint contain allegations which characterize the pat frisks as: retaliatory; harassing; abusive; having inflicted pain and distress; having been motivated by racial and religious animus; having been performed in a sexually abusive manner; having violated plaintiff's civil rights; and having endangered plaintiff's life. Defendant argues that the law of the case should preclude the introduction of such inflammatory and prejudicial allegations because the Court specifically ruled that the pat frisks performed by defendant were proper and did not violate the First, Fourth or Eighth Amendments. In the alternative, defendant suggests that the Court give a limiting instruction to the jury both prior to and at the close of the case. *See* Dkt. 112, Mem. of Law at 5-8.

Plaintiff opposes defendant's motion and submits that the grievances and complaints that he filed against defendant are highly probative of his retaliation claim. In particular, plaintiff argues that the grievances and complaints provide insight as to defendant's motivation in filing the misbehavior

3

report. Plaintiff argues that the Court should also permit his grievances pertaining to other Department of Corrections employees, such as Corrections Officer Therrien. These grievances reference defendant as having directed Therrien to pat frisk plaintiff and are alleged to be relevant as to defendant's motive, *i.e.*, avenging his partner–Therrien–whom plaintiff named in the grievances, in retaliating against plaintiff. *See* Dkt. No. 135, Letter Br. at 1-2.

In deciding the various motions, the Court notes that the proper approach to prisoner retaliation claims is one of " 'skepticisim and particular care,' " because " 'virtually any adverse action taken against a prisoner by a prison official–even those not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act." *Davis v. Goord* , 320 F.3d 346, 352 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). With this in mind, the Court considers the elements of plaintiff's First Amendment retaliation claim and the intersection Rules 401, 402 and 403 of the Federal Rules of Evidence. To establish a First Amendment retaliation claim, a plaintiff must show: (1) that he engaged in constitutionally protected speech or conduct; (2) that the defendant took adverse action against the plaintiff; and (3) that there was a causal connection between the protected activity and the adverse action. *Dawes* , 239 F.3d at 492. As to the first element, the filing of prison grievances is a constitutionally protected activity. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). With respect to the second element, the Second Circuit has offered that

> [o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. In making this determination, the court's inquiry must be tailored to the different circumstances in which retaliation claims arise, bearing in mind that prisoners may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

4

*Davis*, 320 F.3d at 353 (citations and internal quotations omitted). As to the third element, to determine whether a causal connection exists, consideration of several factors is appropriate, including: "(1) the temporal proximity between the protected activity and the alleged retaliatory conduct; (2) the inmate's prior good disciplinary record; (3) vindication at a hearing on the matter; and (4) statements by the defendant concerning his motivation." *Bakersville v. Blot*, 224 F.Supp.2d 723, 732 (S.D.N.Y. 2002) (citing *Colon v. Coughlin*, 58 F.3d 865, 872-873 (2d Cir. 1995)).

Under Rule 401, " 'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Rule 402 provides for the admission of all relevant evidence except as otherwise limited. FED. R. EVID. 402. Rule 403 provides in pertinent part that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." FED. R. EVID. 403.

The Court finds that the grievances and letters of complaint are relevant beyond their mere existence and chronology. Their content is probative of whether a sufficient nexus exists to the alleged retaliatory conduct. The jury should have the opportunity to consider whether the content of the grievances and complaints, of which defendant was aware,[2] "was a substantial or motivating factor in the prison officials' decision to discipline the plaintiff." *Graham*, 89 F.3d at 79. Although the Court has previously determined that the pat frisks of which plaintiff complained in the grievances and letters of complaint did not offend the Constitution, at the time of the alleged retaliation, the reassurance provided by the Court's ruling was not yet forthcoming. Moreover, that a particular

---

[2] The parties have stipulated that on October 20, 2004, defendant was aware that plaintiff had filed grievances against him. *See* Dkt. 136, Joint Pretrial Stipulation.

5

grievance fails to set forth an actual constitutional violation does not necessarily diminish its significance to those targeted by its allegations. The opportunity to consider the content of the grievances and complaints permits a jury to best determine whether they served as a catalyst for retaliatory conduct by assessing their degree of provocation. Accordingly, defendant's motion is denied. However, as defendant suggested, the Court will give a limiting instruction to the jury both prior to and at the close of the case. To this effect, the Court will instruct the jury in substance as follows:

> Throughout the course of this trial, you will hear evidence concerning various grievances and complaints filed by plaintiff against defendant regarding pat frisks that defendant caused plaintiff to undergo in 2004. Plaintiff alleged that such pat frisks were improper, abusive and/or retaliatory and in violation of the Fourth and Eighth Amendments. You are advised that the Court has previously determined that these allegations, even if true, did not state either a Fourth or Eighth Amendment violation.

2.     Emotional and/or Psychological Injuries

Defendant moves to preclude plaintiff from introducing any evidence of alleged emotional and/or psychological injuries allegedly sustained as a result of the pat frisks. Defendant also moves to preclude the testimony of a fellow inmate, Shawon Bolden, regarding the propriety of the pat frisks. Defendant asserts that any such testimony must be excluded as irrelevant because the Court already dismissed those claims stemming from the pat frisks. Moreover, defendant asserts that plaintiff's claims for compensatory damages for alleged emotional injuries are precluded by 42 U.S.C. § 1997e(e). Plaintiff opposes defendant's motion arguing that plaintiff's emotional state resulting from the pat frisks is highly relevant and that while Section 1997e(e) precludes compensatory damages for emotional or mental injury without a concomitant physical injury, it does not similarly preclude claims for nominal and/or punitive damages. Plaintiff anticipates Mr. Bolden will testify that he witnessed pat frisks conducted by defendant on plaintiff after defendant filed the alleged false misbehavior

report.

The Court finds that any evidence pertaining to emotional and/or psychological injuries allegedly sustained as a result of the pat frisks is not relevant to plaintiff's claim for retaliation. Accordingly, the Court precludes any evidence pertaining to plaintiff's emotional state and emotional and/or psychological injuries prior to October 20, 2004, when defendant filed an allegedly false misbehavior report against plaintiff and the alleged retaliation occurred. The Court now turns to the admissibility of plaintiff's emotional state post-October 20, 2004, to October 26, 2004, when a Tier III Superintendent's Hearing found plaintiff guilty of the charges of harassment, refusing a direct order and threats and imposed a penalty of thirty days keeplock.[3]

Section 1997e(e), a provision added by the Prison Litigation Reform Act of 1996, provides in relevant part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Section 1997e(e) includes within its purview alleged constitutional violations, *Thompson v. Carter*, 284 F.3d 411, 417-18 (2d Cir. 2002), but its physical injury requirement does not apply to actions for First Amendment violations, *Auleta v. LaFrance*, 233 F.Supp.2d 396, 403 (N.D.N.Y. 2002) (citing *Cancel v. Mazzuca*, 205 F.Supp.2d 128, 138 (S.D.N.Y. 2002)). Furthermore, Section 1997e(e) does not prohibit claims for nominal or punitive damages, *see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004); *Shariff v. Coombe*, 2002 WL 1392164, at *5 (S.D.N.Y. June 26, 2002) (citation omitted), such as plaintiff seeks here for the alleged retaliation. Thus, the Court will permit a narrowly tailored presentation of evidence of plaintiff's

---

[3]"Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities . . . ." *Green v. Bauvi*, 46 F.3d 189, 192 (2d Cir. 1995).

emotional and/or psychological condition after October 20, 2004, reasonably related to the alleged retaliatory action for the limited purpose of the jury's consideration, if it is to give any, of nominal or punitive damages. As to Mr. Bolden's anticipated testimony, the Court would reiterate that the propriety of the pat frisks is no longer at issue in this case and would preclude his testimony as irrelevant; however, plaintiff no longer intends to call Mr. Bolden as a witness, *see* Dkt. 139, Am. Witness List, thus rendering the issue moot.

        3.        Trial Bifurcation

Defendant requests that the Court bifurcate the trial such that it would initially address plaintiff's claim for nominal and/or compensatory damages, and reserve ruling on the issue of punitive damages until such time as it appears that the evidence bearing on that issue is relevant. *See* Dkt. No. 112, Mem. of Law at 15. Plaintiff opposes defendant's motion. Plaintiff contends that with a only a single defendant, bifurcation, such that the Court would hold a separate hearing on defendant's finances, is unnecessary. *See* Dkt. No. 135, Letter Br. at 2-3. With but a single defendant remaining, the Court does not perceive a need to bifurcate the trial. If the jury reaches the issue of punitive damages in its verdict, then the Court will reconvene the jury for it to consider separate and additional evidence addressed to this issue post-verdict.

        4.        Mental Health Records/Correspondence from Plaintiff to a Mental Health Provider

Defendant moves pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and Rules 402 and 403 of the Federal Rules of Evidence for an order precluding plaintiff from offering the testimony of Dr. Henderson and various exhibits pertaining to plaintiff's mental health records and correspondence from plaintiff to a mental health provider. Defendant submits that such evidence is untimely under both the law of the case and the Prison Litigation Reform Act, and that it is irrelevant.

8

*See* Dkt. 142.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Court's Decision and Order dated January 11, 2008, directed that all parties shall file witness and exhibit lists on or before March 3, 2008. *See* Dkt. 101, Mem. Decision and Order at 4. However, on March 12, 2008, the Court adjourned trial and allowed plaintiff to submit supplemental witness and exhibits lists on or before March 19, 2008. *See* Dkt. Text Notice dated March 12, 2008. Plaintiff submitted amended witness and exhibit lists on March 19, 2008. The Court finds the submissions to be timely in light of its previous directive.

Defendant argues that the Court should preclude Dr. Henderson's testimony and related exhibits both under the Prison Litigation Reform Act and the law of the case. The Court's above ruling applies with equal force here. To reiterate: (1) the Court finds that any evidence pertaining to emotional and/or psychological injuries allegedly sustained as a result of the pat frisks is not relevant to plaintiff's claim for retaliation; and (2) the Court will permit a narrowly tailored presentation of evidence of plaintiff's emotional and/or psychological condition post-October 20, 2004, which is reasonably related to the alleged retaliatory action for the limited purpose of the jury's consideration, if it is to give any, of nominal or punitive damages. The Court perceives no need for *ex parte* interviews in advance of trial, but directs plaintiff to provide duly acknowledged, appropriately addressed and HIPAA compliant authorizations allowing defendant to obtain plaintiff's mental health records from the providers listed as witnesses, as well as the Office of Mental Health.

The Court has reviewed *in camera* Sealed Exhibits "A"-"I" in conjunction with this motion

9

and finds that Exhibits "C" and "F" are not relevant to this case. More specifically, Exhibit "C" is a letter dated February 23, 2005, that plaintiff addressed to Dr. Hillenbrand, a psychologist at Great Meadow, in which he wrote, *inter alia*, "I know for a fact that the C.O.'s that I have complained about are plotting to set me up and/or murder me." Exhibit F is a letter dated April 10, 2005, that plaintiff addressed to Dr. Hillenbrand, in which he wrote that the correction officers "accosted" him and "roughed him up." Plaintiff also complained that a corrections officer, unidentified by the letter, tried to shove his head into a wall. Plaintiff later states "there is no doubt in my mind that these officers will continue to come after me until they have had the chance to murder me or set me up and place me in the box . . . I am enclosing a copy of my complaint to the Superintendent on this latest attack." Such allegations of subsequent incidents are not set forth in any pleading and would be highly prejudicial to defendant. Moreover, the Court previously dismissed all Eighth Amendment claims. Exhibits "C" and "F" are not admissible.

  B. *Plaintiff's Motion* in Limine

Plaintiff's motion in limine is threefold.

    1. Criminal History

Plaintiff moves to preclude defendant from introducing any evidence, or eliciting any testimony regarding the crimes for which he has been convicted, including: (1) a 1967 New Jersey homicide, for which he was paroled in 1972; (2) a 1977 New York homicide, for which he is presently incarcerated; and (3) a 1980 New Jersey attempted prison escape, the sentence for which ran concurrently with his present sentence and was completed in 1981. *See* Dkt. No. 125, Letter Br. at 1. Defendant submits that he should be fairly allowed to elicit upon cross-examination the simple facts that plaintiff has been incarcerated with the Department of Correctional Services since 1977 for

10

conviction of felonies. *See* Dkt. No. 133, Letter Br. at 1. Citing *Sedney v. Blot*, 2003 WL 22839801 (S.D.N.Y. Dec. 1, 2003), defendant adds that the Court should permit him to introduce for impeachment purposes evidence of the number and timing of plaintiff's prior felony convictions, but not the specific crimes of which he has been convicted. *Id.*

Rule 609 of the Federal Rules of Evidence vests broad discretion in the Court to admit or exclude evidence of prior convictions. *United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides:

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment, if it can be readily determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

FED. R. EVID. 609(a). Rule 609(b) provides in pertinent part:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

FED. R. EVID. 609(b).

Plaintiff's 1967 murder conviction falls under Rule 609(b)'s ten-year time limitation, which begins to run at the time of the release of the witness from confinement imposed for that conviction. Plaintiff was released on parole in 1972, and thus Rule 609(b)'s exclusion applies because more than

ten years has elapsed since his release from confinement imposed for that offense.[4]

Plaintiff is currently incarcerated as a result of a 1977 murder conviction, and thus Rule 609(b)'s exclusion does not apply. Accordingly, any admission of the 1977 murder conviction for purposes of attacking plaintiff's credibility is subject to the Rule 403 balancing test imposed by Rule 609(a)(1). Following the rationale of *Sedney*,[5] the Court will permit defendant to introduce for impeachment purposes evidence of the timing, but not the substance, of plaintiff's 1977 murder conviction.

In 1980, plaintiff was convicted in New Jersey of attempted escape, a misdemeanor conviction according to plaintiff's counsel. Rule 609(b)'s time limitation encompasses plaintiff's conviction for attempted escape: plaintiff completed his sentence for this conviction in 1981, more than ten years prior to trial. *See Eng*, 146 F.R.D. at 78-79. Moreover, it is not clear to the Court that plaintiff's attempted escape conviction required proof or admission of an act of dishonesty or false statement. *See id.* at 79; *United States v. Morrow*, 2005 WL 3163801, at *4 (D.D.C. June 2, 2005) (explaining that "several federal courts have concluded that violations of probation, conditions of release, and escape do not involve dishonesty and do not bear on a witness's truthfulness; as such, these courts

---

[4] A court within the Southern District of New York confronted the same motion in a previous litigation brought by plaintiff. Noting that no court from within the Second Circuit had interpreted the language of Rule 609(b) as it related to parole, the court concluded that parole fit within Rule 609(b)'s time limit exclusion even despite the possibility of its revocation. *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y. 1993).

[5] In *Sedney*, the court explained as follows:

[T]he probative value of the details of Plaintiff's prior convictions is substantially outweighed with respect to the issue of credibility by the potential for unfair prejudice to Plaintiff arising from jury attention to the details of his criminal history, which includes attempted murder and statutory rape. Accordingly, Defendants will be permitted to introduce for impeachment purposes evidence of the number and timing of Plaintiff's prior felony convictions, but not the specific crimes of which he has been convicted.

2003 WL 22839801, at *1

have found that such topics fall outside of the parameters of Federal Rule of Evidence 608(b) and have restricted attempted impeachment" and collecting cases).

2.      Disciplinary Record

Plaintiff moves to preclude defendant from introducing records of his disciplinary history within the New York State correctional system prior to his arrival at Great Meadow in June of 2002. *See* Dkt. No. 125, Letter Br. at 2-3.  Defendant opposes plaintiff's motion.  Defendant argues that plaintiff's disciplinary history is relevant to his claim of retaliation and that to limit the introduction of such evidence would inhibit meaningful cross-examination.  Defendant argues that evidence of plaintiff's disciplinary history should not be limited to the correctional facility at which the alleged retaliation occurred nor to the seventeen month period immediately prior to the incident in question. *See* Dkt. No. 133, Letter Br. at 2-3.  Again, the elements of plaintiff's retaliation claim and Rules 403 and 404 of the Federal Rules of Evidence are in play.

Evidence of other acts is not admissible to prove that the actor had a certain character trait, in order to show that on a particular occasion he acted in conformity with that trait.  Rule 404 provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," FED. R. EVID. 404(a), and that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," FED. R. EVID. 404(b).  Rule 404(b) does, however, provide that other crimes, wrongs, or acts "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*  The Court reserves decision on the motion at this time.  If, as defendant suggests, plaintiff offers evidence that he was housed in "honor block" at Great Meadow for approximately

13

seventeen months prior to when defendant filed the misbehavior report, or that he was not cited for any disciplinary infractions for approximately two years prior to the misbehavior report, then the Court will permit defendant to introduce evidence of plaintiff's prior disciplinary record. *See Sedney*, 2003 WL 22839801, at *2 ("Absent the need to rebut a claim that Plaintiff has no history of disciplinary sanctions at the institution, however, Defendants will not be permitted to introduce evidence as to the specifics or outcome of disciplinary charges lodged against Plaintiff, as the probative value of such evidence absent those circumstances would be outweighed substantially by the risk of unfair prejudice to Plaintiff.").

### 3. Litigation History

Plaintiff moves to preclude defendant from introducing evidence of his prior litigation. Plaintiff contends that his litigation history is irrelevant to the issue, and that if the Court were to permit defendant to introduce evidence thereof, then the jury would likely be confused. *See* Dkt. No. 125, Letter Br. at 3. Defendant does not oppose plaintiff's motion with respect to prior litigation history. *See* Dkt. No. 133, Ltr. Br. at 1. Thus, the Court grants plaintiff's motion to preclude defendant from introducing evidence of his prior litigation.

### *D. Motion to Compel*

Plaintiff moves for an order compelling David Rock, Superintendent of Great Meadow, to comply with the trial subpoena calling for his testimony and production of personnel records of defendant, pursuant to Rule 45(c)(2)(B)(i) of the Federal Rules of Civil Procedure, and in the alternative requests the Court's permission to reopen discovery. Plaintiff submits that the requested personnel records may contain or lead to the discovery of admissible evidence against defendant in support of his retaliation claim. Plaintiff adds that such materials may contain impeachment material.

14

*See* Dkt. 137, Mem. of Law at 1, 11. Defendant characterizes plaintiff's motion as an untimely fishing expedition, by which plaintiff is attempting to reopen discovery some 18 months after its close on August 30, 2006. *See* Dkt. 141, Mem. of Law at 1.

Plaintiff contends that because the trial subpoena essentially mirrors discovery demands he served on August 3, 2006, the Court should grant the instant motion. As indicated above, in his pretrial scheduling order, Magistrate Judge George H. Lowe ordered all discovery to be completed by August 30, 2006, and ordered that any motion to compel discovery be filed no later than September 30, 2006. Dkt. No. 67. On August 3, 2006, plaintiff, who at the time was *pro se*, served a request for production of documents on defendant's counsel, which referenced "[a]ny and all grievances, complaints, or other documents received by the defendants, their supervisors, or agents, concerning the mistreatment of any inmate or staff person by defendants Therrien, Blood, Hamlin, Zavastaski, or Greene during the course of their employment by the Department of Correctional Services." Dkt. 137, Hunter Decl., Ex. 1, at ¶ 1. He further requested "[a]ny and all documents prepared in response to any grievance, complaint or other document prepared in reference to any allegation of misconduct by defendants Therrien, Blood, Hamlin, Zavastaski, or Greene during the course of their employment by the Department of Correctional Services." Dkt. 137, Hunter Decl., Ex. 1, at ¶¶ 1-2. Defense counsel received this discovery demand on August 4, 2006, and responded on August 23, 2006, rejecting the demand as untimely.

Local Rule 16.2 provides in part that,

The "discovery cut-off" is that date by which all responses to written discovery, including requests for admissions, shall be due according to the Federal Rules of Civil Procedure and by which all depositions shall be concluded. Counsel are advised to initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this Rule. Discovery requests that call for responses or scheduled depositions after the discovery cut-off will not be enforceable . . . .

15

L.R. 16.2. In order to be timely, plaintiff's discovery demands had to be received at least 30 days prior to the close of discovery on August 30, 2006. *See* FED. R. CIV. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served."). That defendant could have answered plaintiff's request in less than 30 days and elected not to for strategic purposes as plaintiff suggests, *see* Dkt. 137, Mem. of Law at 5, is immaterial; "the Local Rules are not empty formalities." *New York State Teamsters Conference Pension & Retirement Fund v. Syracuse Movers, Inc.*, 2004 WL 2931663, at *1 (N.D.N.Y. Nov. 22, 2004). The initial discovery demand was not timely.

Plaintiff argues that due to shoulder surgery that occurred on or about August 29th, 30th, or 31st of 2006, he was not able to respond to defendant's objection, this despite the fact that he received the response no less than six days in advance of his surgery. Plaintiff further argues that he was not able to file a motion to compel by September 30, 2006, because he was recovering from his surgery and was without his legal papers. Plaintiff's argument is belied by: (1) a typewritten request dated August, 29, 2006, and filed September 5, 2006, to extend for 30 days "all deadlines for responses to motions" addressed to Magistrate Judge Lowe,[6] *see* Dkt. 77, and (2) a handwritten notice of change of address dated September 25, 2006, filed on September 27, 2006, *see* Dkt. 82. Morever, the Court previously found that plaintiff's "extensive litigation experience warrants the revoking of the special solicitude or status normally afforded pro se civil rights litigants." *See* Dkt. 85, Order at 5-6 (citing plaintiff's 15 actions or appeals in federal and state courts). Accordingly, the Court perceives no reason to relieve plaintiff from his obligations under Local Rule 16.2. Plaintiff also requests that the Court permit him to file two undocketed, non-file stamped letters addressed to Magistrate Lowe and the

---

[6] Magistrate Lowe denied the request as moot and premature "since no motion has yet been filed by defendant to which he must respond." *See* Dkt. 77.

Clerk of the Court, which purport to reference a rescheduling order, in support of the motion to compel. *See* Dkt. 148. In light of the Court's above finding, plaintiff's motion to file the letters is denied.

Rule 45(c)(2)(B)(i) provides in part that the "serving party may move the issuing court for an order compelling production or inspection. Litigants, however, may not use Rule 45 trial subpoenas as an end around expired discovery deadlines. *See Dodson v. CBS Broad., Inc.*, 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) (collecting cases). The Court finds that plaintiff is attempting to do just that, and the motion for an order compelling David Rock, Superintendent of Great Meadow, to comply with the trial subpoena calling for his testimony and production of personnel records of defendant is denied. In addition the Court declines to reopen discovery. The Court has considered plaintiff's remaining arguments and finds them to be without merit.

**IV.    Conclusion**

WHEREFORE, after careful consideration of the parties' submissions and the applicable law, and based upon the foregoing, it is hereby

ORDERED that defendant's motions *in limine* (Dkt. 112, 128 and 142), are granted in part and denied in part as described above;

ORDERED that plaintiff's motion *in limine* (Dkt. 125) is granted in part and denied in part as described above;

ORDERED that plaintiff's motion to compel (Dkt. 137) is denied.

IT IS SO ORDERED.

Date:  July 17, 2008

*Norman A. Mordue* (signature)
Norman A. Mordue
Chief United States District Court Judge