UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**GEORGE BABA ENG,**

                Plaintiff,

  vs.                                            9:04-CV-1146 (NAM/GHL)

**C. BLOOD**, **Correction Officer,**

                Defendant.
_____

APPEARANCES:                            OF COUNSEL:

Blitman & King, LLP                  Daniel R. Brice, Esq.
443 North Franklin Street, Suite 300     Nathaniel G. Lambright, Esq.
Syracuse, New York 10022
*Attorneys for Plaintiff*

Andrew M. Cuomo                    Aaron M. Baldwin, Esq.
Attorney General of the State of New York    Michael McCartin, Esq.
The Capitol
Albany, New York 12224-0341
*Attorneys for Defendant*

**NORMAN A. MORDUE, Chief U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

      Currently pending before the Court are three applications.  First, plaintiff's counsel has moved to withdraw from representation in this case due to irreconcilable differences with plaintiff. Plaintiff has also filed a motion to terminate his present attorneys and obtain new counsel based on his dissatisfaction with the manner in which he is being represented by attorneys Nathan Lambright and Daniel Brice at the law firm of Blitman & King, LLP.  Finally, defense counsel has moved for a stay of all Court-ordered deadlines, including the trial date of March 2, 2009, be held in abeyance in light of the afore-referenced applications.  The Court addresses these multiple requests for relief *seriatim*.

By way of background, the Court notes that should it grant plaintiff's request for relief, it would be the **third** assignment of pro bono counsel in this case. Plaintiff's previous request that the New York law firm of Howrey LLP be terminated from this case was granted in September 2008 due to plaintiff's disagreement with the representation being provided by three attorneys at said firm. Attorneys Lambright and Brice do not elaborate on the grounds underlying the alleged irreconcilable differences with their client, but plaintiff has set forth the involved circumstances in some detail.

According to plaintiff, defendants' counsel, David Baldwin, has been "playing dirty" in the handling of this case. Plaintiff has urged his attorneys to be "circumspect" in their dealings with Mr. Baldwin. Based thereupon, plaintiff was distressed to receive a copy of a letter from attorney Baldwin which outlined the **joint** request by he and plaintiff's counsel for amendment of the trial date and the dates for submitting pre-trial papers. Plaintiff was also upset because the letter in question also excluded him from participation in a scheduled pre-trial conference. Plaintiff believes that his attorneys are allowing Mr. Baldwin to "orchestrate" the case. Plaintiff asserts that "any measure of professional and committed representation would have demanded . . . that counsel Lambright and Brice would have immediately taken over the case and began their representation in bringing forth plaintiff's claims against defendant Blood, rather than abdicate to the very Assistant Attorney General (Baldwin) who has been suspect in his handling of this case from the very beginning . . .." Consequently, to avoid a "mockery" of justice, plaintiff requests new counsel be appointed. For their part, attorneys Lambright and Brice agree that new counsel is warranted.

The sixth amendment right to counsel extends only to criminal and quasi-criminal proceedings. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) (citations omitted). In non-criminal cases, federal courts have the authority to appoint counsel, but generally they are

not required to do so. *Id.*; *see also* 28 U.S.C. § 1915(d). The determination of whether appointment of counsel is necessary rests with the discretion of the court. *Id.* In the present case, defendants did not move for summary judgment on the sole remaining claim of retaliation in the supplemental complaint and the case was trial-ready as of January 2008. Thus, the Court determined that good cause appeared for appointing *pro bono* trial counsel for plaintiff.

Nevertheless, the number of attorneys willing to undertake *pro bono* representation of indigent civil litigants is extremely limited. Plaintiff has already been afforded the services of five lawyers from two well-known and respected law firms. Plaintiff's dissatisfaction with the services of these attorneys is not reasonable based on the present record. Indeed, plaintiff's counsel was ordered in an informal hearing conducted with the Court's deputy clerk and law clerk to coordinate with defense counsel and submit a joint request for amendment of all pre-trial deadlines. Counselors Lambright and Brice have no authority, much less a legal obligation to "take over" this case as suggested by plaintiff. Nor are plaintiff's attorneys required to thwart affirmatively any attempts by Mr. Baldwin to defend vigorously his clients. Moreover, no litigant in this Court - whether or not an inmate - attends or participates in pre-trial hearings. Thus, the alleged "exclusion" of plaintiff from the scheduled pre-trial conference was not the fault of his attorneys, or for that matter, of Mr. Baldwin. Finally, short of providing actual evidence which demonstrates past or ongoing malfeasance by Mr. Baldwin, plaintiff's allegations of "dirty dealing" are irrelevant to this case and were properly disregarded by his assigned counsel.

The motion for withdrawal filed by Blitman & King, LLP will be granted. This Court cannot compel any attorney to accept this, or any other, civil case on a *pro bono* basis, particularly under the present disagreeable circumstances. Indeed, it is not at all clear that there is any attorney, even if willing to undertake representation herein, who would be satisfactory to plaintiff.

Plaintiff is well advised to take note of the Second Circuit's language on the subject of *pro bono* appointments in *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (1989):

> Available volunteer-lawyer time should not be allocated arbitrarily, or on the basis of the aggressiveness and tenacity of the claimant. The phrase *pro bono publico* suggests meaningfully that distribution of this resource should be made with reference to public benefit. The ancient adage about "the squeaky wheel" may well be an accurate statement of a law of nature; it should not be adopted also as a law of prescription.

Thus, while the Court will grant plaintiff's most recent request for new appointed counsel, it will not revisit this issue in the absence of extraordinary circumstances. The motion by defense counsel to suspend the date of trial and hold all dates for filing pre-trial papers in abeyance will also be granted.

WHEREFORE, after careful consideration of the parties' submissions and the applicable law, and based upon the foregoing, it is hereby

ORDERED that plaintiff's motion to dismiss the law firm of Blitman & King, LLP (Dkt. No. 172), is GRANTED; and it is further

ORDERED that the motion to withdraw filed by Blitman & King, LLP is GRANTED (Dkt. No. 171); and it is further

ORDERED that defendants' motion to hold all trial and pre-trial deadlines in abeyance pending appointment of new counsel for plaintiff is GRANTED (Dkt. No. 173); and it is further

ORDERED that the Clerk of the Court is directed to undertake a search for new pro bono counsel willing to undertake representation of plaintiff in this case.

IT IS SO ORDERED.

Date: January 8, 2009

Norman A. Mordue
Chief United States District Court Judge